DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| The United States of America | ) |
| | ) CASE NO. 5:08 CR 189 |
| Plaintiff-Respondent, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| Luis Alberto Mendoza-Almendarez, | ) |
| | ) |
| Defendant-Petitioner. | ) |
| | ) |

Before the Court is the motion of Luis Alberto Mendoza-Almendarez ("Mendoza" or "Petitioner") for relief pursuant to 28 U.S.C. §2255 (ECF No. 157) and the Government's brief in opposition (ECF No. 159). For the following reasons, the motion is denied.

**I.  Background**

Mendoza was indicted on April 23, 2008, and pleaded guilty on November 19, 2008, to conspiracy to distribute and to possess with the intent to distribute five kilograms or more of cocaine, and one kilogram or more of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). The defendant later filed a motion to withdraw his guilty plea, which the Court denied.

At sentencing, the Court determined that Mendoza's Base Offense Level was 34, his Criminal History Category was VI, and his advisory imprisonment range was 262-327 months. These numbers were calculated first by the Probation Department and then determined by the

1

(5:08-CR-189)

Court under the United States Sentencing Guidelines ("U.S.S.G." or "sentencing guidelines"). The Base Offense Level was determined based on the amount and type of drugs that Mendoza admitted were involved in the criminal conduct. The Court rejected a two-level reduction of the offense level for acceptance of responsibility because Mendoza tried to withdraw his guilty plea. The Court declined to apply a "Career Offender" enhancement under the sentencing guidelines that would increase the offense level. Thus his Total Offense Level remained the same as his Base Offense Level of 34. Mendoza's Criminal History Category was determined based on his many prior criminal convictions.

The Government sought a statutory enhancement, and it filed an Information pursuant to 21 U.S.C. §851 alleging that Mendoza had two prior drug convictions that could increase his penalty to a life imprisonment without possibility of release under 21 U.S.C. §841(b)(1)(A).[1] Ultimately, only one of these prior convictions was used to determine that Section 841 imposed a statutory mandatory minimum sentence of 240 months imprisonment for the present conviction.

The Court imposed a sentence of 262 months with supervised release for a period of three years. This sentence is within the sentencing guidelines range and above the statutory mandatory minimum. The Court imposed this sentence to run concurrently with the remainder

---

[1] A statutory enhancement is different than an enhancement under the sentencing guidelines. Enhancements under the sentencing guidelines, such as an enhancement for a Career Offender under U.S.S.G. §4B1.1, may be imposed based on the nature of the crime and the defendant's criminal history. A guidelines enhancement will increase the defendant's offense level, and thus increase the applicable imprisonment range. A statutory enhancement, however, is imposed under the applicable federal offense statute and can be used to increase the maximum and minimum statutory penalty depending on the circumstances of the conviction and the criminal history of the defendant. This increased statutory penalty may be greater than the imprisonment range imposed by the sentencing guidelines. In order to seek a statutory enhancement under 21 U.S.C. §841, the Government must give the defendant notice of the convictions it seeks to rely on when arguing for the enhancement by way of an Information filed pursuant to 21 U.S.C. §851.

(5:08-CR-189)

of a sentence that Mendoza was already serving for felon in possession of ammunition and for being found as an illegal alien in the United States following deportation in case number CR-06-00542 in the United States District Court for the Central District of California.

Mendoza appealed the Court's decision to deny his motion to withdraw his guilty plea. However, the Sixth Circuit rejected the defendant's argument and affirmed the decision. *United States v. Mendoza-Almendarez*, 437 F. App'x 394 (6th Cir. 2011).

## II.     Basis for Petitioner's Motion

Mendoza now brings a motion to vacate, correct, or modify his sentence pursuant to 28 U.S.C. §2255. His claim for relief is based on alleged ineffective assistance of counsel. Mendoza claims that his trial counsel exhibited ineffective assistance at sentencing for two reasons. First, Mendoza claims that his counsel failed to argue that his criminal history score was calculated incorrectly, and thus his Criminal History Category was incorrect. Second, he claims that counsel failed to argue that his sentence should be credited with the time that he had already served on the California term of imprisonment for a related conviction. Mendoza also claims that his appellate counsel provided ineffective assistance for not raising these issues on direct appeal.

## III.    Standard of Law

28 U.S.C. §2255(a) provides that a prisoner has a "right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." If the Court finds that there has been such a violation, it shall "correct the sentence as may appear appropriate." 28 U.S.C. §2255(b). In this case, Petitioner claims that he is entitled to relief

3

(5:08-CR-189)

under Section 2255 because he received ineffective assistance of counsel in violation of his Sixth Amendment right to counsel.

The petitioner bears the burden of establishing that his constitutional right to counsel was denied by a preponderance of the evidence.  *McNeil v. U.S.*, 72 F. Supp. 2d 801, 804 (N.D.O.H. 1999).  In *Strickland v. Washington,* 466 U.S. 668 (1984), the Supreme Court held that in order to establish ineffective assistance of counsel, a convicted defendant must make two showings: (1) that counsel's performance was deficient under an objective standard of reasonableness, and (2) that the defendant suffered prejudice because of counsel's errors.  *Id.* at 687-688.  The defendant bears the burden of proving both unreasonableness and prejudice.  *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

### A.  Objective Standard of Reasonableness

To satisfy the "reasonableness" prong, the petitioner must overcome the strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689.  Scrutiny of counsel's performance by the Court is highly deferential.  *Id*. at 689; *United States v. Pierce*, 62 F.3d 818, 833 (6th Cir. 1995).  When reviewing counsel's performance, the Court must make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  *Strickland*, 466 U.S. at 689.

Trial counsel's failure to object to an error or raise a viable argument that would reduce his client's sentence may constitute ineffective assistance if the omission was objectively unreasonable.  *McPhearson v. U.S.*, 675 F.3d 553, 559 (6th Cir. 2012).  Substantial deference is

4

(5:08-CR-189)

given to counsel's decision not to raise an argument if the decision might be considered a sound trial strategy. *Id*. at 559. Appellate counsel's omission of a valid issue on appeal may constitute ineffective assistance, but an appellate attorney is not required to raise non-meritorious claims. *See Wilson v. Mitchell*, 498 F.3d 491, 514 (6th Cir. 2007).

### B. Prejudice

To satisfy the "prejudice" prong, the petitioner must show that there is a reasonable probability that but for the alleged deficiency of counsel, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The probability must be "sufficient to undermine confidence in the outcome." *Id*. at 694; *United States v. Cox*, 826 F.2d 1518, 1525 (6th Cir. 1987).

## I.     Analysis

### A.  Computation of Mendoza's Criminal History Category

Petitioner Mendoza claims that counsel's performance at sentencing and on appeal was ineffective because counsel did not argue that Mendoza's criminal history points were miscalculated and thus his Criminal History Category was wrong. Petitioner claims that the Information filed by the Government pursuant to 21 U.S.C. §851(a)(1) lists only two previous criminal offenses and could not possibly have led to a calculation of criminal history points great enough to place him in Criminal History Category VI. This argument is unfounded because Mendoza's application of the federal statutory requirements of Section 851 to the computation of his Criminal History Category is incorrect.

5

(5:08-CR-189)

Mendoza is misguided as to the process for computing a defendant's Criminal History Category. In its brief, the Government explained that "U.S.S.G. Chapter 4, Part A, establishes the procedure, definitions, and instructions for computing a defendant's criminal history category[,]" and that no authority "supports the proposition that the government must affirmatively allege all of the defendant's criminal history in a §851 filing to be 'countable' under the guidelines . . . ." Government's Response to Petitioner's Motion for Relief under 28 U.S.C. §2255, No. 08-189 (N.D.O.H. Oct. 15, 2012). The Court agrees with this explanation. The requirement to file an Information under Section 851 is not applicable to the determination of a defendant's criminal history points and Criminal History Category under the sentencing guidelines. Section 851 applies only to situations "in which a convicted defendant's *statutory* minimum or maximum penalty is enhanced" based on prior drug felony convictions. *United States v. Wallace*, 895 F.2d 487, 490 (8th Cir. 1990) (emphasis in original); *Cianciola v. United States*, No. 92-6659, 1993 WL 210706, at *1 (6th Cir. June 15, 1993) ("Section 851. . . applies only in cases where sentence enhancement is statutorily imposed pursuant to §841(b)(1)."). Therefore, §851(a)(1) only requires notice to the defendant through the filing of an Information when a prior drug conviction is going to be used for a statutory enhancement. *See United States v. Roberts*, 986 F.2d 1026, 1033 (6th Cir. 1993); *see also United States v. Marshall*, 910 F.2d 1241, 1244-45 (5th Cir. 1990).

As the Government previously indicated, the calculation of Mendoza's Criminal History Category under the sentencing guidelines has nothing to do with a statutory enhancement. His Base Offense Level and Criminal History Category were calculated under U.S.S.G., and there is

6

(5:08-CR-189)

nothing in U.S.S.G. that provides that an Information, or any other form of notice, must be filed in order to rely upon prior offenses for this calculation.  *See United States v. Wallace*, 895 F.2d 487, 490 (8th Cir. 1990).  The Information filed by the Government listing two prior felony drug convictions was unrelated to the computation of Mendoza's Criminal History Category, and it does not follow from Mendoza's argument that his Criminal History Category is incorrect.

Under *Strickland*, it would not be objectively unreasonable for counsel to not bring up this faulty claim. Additionally, Mendoza could not have been prejudiced by counsel's inaction, because "[n]o prejudice flows from the failure to raise a meritless claim." *Mahdi v. Bagley*, 522 F.3d 631, 638 (6th Cir. 2008).  Because the argument that Mendoza's Criminal History Category was miscalculated is non-meritorious, Mendoza cannot establish the reasonableness or prejudice prong of the *Strickland* test.  Therefore, neither trial nor appellate counsel was ineffective for not raising this argument.

### B.  Crediting Mendoza's  Sentence

Next, Petitioner Mendoza claims that counsel's performance at sentencing and on appeal was ineffective because counsel did not argue that his term of imprisonment should be credited under U.S.S.G. §5G1.3(b) with the time that he already served on his California sentence.  This argument is erroneous because his conviction in California is not relevant conduct to his conviction here, as required to credit a sentence under Section 5G1.3(b).

Section 5G1.3(b) provides that a court shall adjust an imposed sentence for any period of imprisonment already served on an undischarged term of imprisonment if the offense that led to the undischarged term "is relevant conduct to the instant offense of conviction under the

7

(5:08-CR-189)

provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 . . . and that was the basis for an increase in the offense level for the instant offense [.]" U.S.S.G. §5G1.3.  By the terms of Section 1B1.3, relevant conduct within the same criminal plan or scheme is only found "with respect to offenses of a character for which U.S.S.G. §3D1.2(d) would require grouping of multiple counts." U.S.S.G. §1B1.3(a)(2).  Section 3D1.2(d) requires grouping of multiple counts "[w]hen the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm . . . ." U.S.S.G. §3D1.2(d).

Mendoza claims that the California convictions are "related" to the same criminal plan as this conviction because the gun seized in the California case could have been used to protect the drugs and money involved in the drug conspiracy in Ohio, but related conduct is not the same as "relevant conduct" under Section 5G1.3(b).  To constitute relevant conduct under subsection (b), the aggregate harm resulting from this conviction and Mendoza's previous convictions must have been fully taken into account in the determination of the offense level for the present offense.  Mendoza's offense level in this case was not calculated based on the aggregate harm of this and the California case.  His offense level was determined solely based on the amount and type of drugs that he admitted were involved in the criminal conduct in the immediate offense.  Therefore, these convictions would not be grouped together under U.S.S.G. §3D1.2(d).

An argument to credit Mendoza's sentence under Section 5G1.3(b) would not be viable.  Mendoza's convictions in California and Ohio would not be grouped together under Section 3D1.2(d), so the convictions do not involve "relevant conduct" under Section 1B1.3.  Because

8

(5:08-CR-189)

the California convictions were not relevant conduct used to increase Mendoza's offense level in this case, the relationship between the convictions cannot fall under subsection (b) of Section 5G1.3. If the convictions do not fall under Section 5G1.3(b), then it is not required that Mendoza's sentence be credited with the time already served on the previous term.

Because the credit requirement of Section 5G1.3(b) is not applicable to Mendoza's offenses, Mendoza cannot establish that failure to bring up this argument is unreasonable or prejudicial under *Strickland*. Therefore, neither trial nor appellate counsel was ineffective for not bringing up this argument.

**V.     Conclusion**

The record in this case does not show that Petitioner is entitled to relief under 28 U.S.C. §2255. The arguments that Mendoza claims his counsel should have made are incorrect. He cannot establish ineffective assistance of counsel because it is not unreasonable or prejudicial for counsel to not raise meritless arguments. Because Mendoza did not carry his burden of proof, his motion to vacate, correct, or modify his sentence (ECF No. 157) is denied.

IT IS SO ORDERED.

| June 3, 2013 | *s/ David D. Dowd, Jr.* |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |